[No. 12145–6–I.   Division One.   December 27, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. LONNIE DOUGLAS FRYER, *Appellant*.

*Dan Dubitzky,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ruth Robin-son, Deputy,* for respondent.

CORBETT, J.—Defendant, Lonnie Douglas Fryer, appeals his judgment and sentence for first degree burglary and two counts of second degree assault, entered after a bench trial.

At about 2 o'clock in the morning, the defendant entered the apartment of his estranged wife through an unlocked window. He proceeded to her bedroom, where he confronted her and the man with whom she was sleeping. In the altercation that followed, he seriously injured the man and cut his wife with a knife. Defendant testified that he had come by the apartment merely to look at his young children through the window, and that he entered only to search for the children, who were not in their bedroom. Defendant concedes that the entry was unlawful, but denies that it was with intent to commit a crime against a person or property in the dwelling. He argues that if entry is unlawful, the intent necessary for burglary must be determined as of that time. He further argues that lawful and unlawful entries are distinct and incompatible ways of committing a burglary. *See People v. Green,* 83 Ill. App. 3d

982, 404 N.E.2d 930, 932 (1980).

██ Common law burglary required a breaking and entering in the nighttime with intent to commit a felony inside the dwelling. 13 Am. Jur. 2d *Burglary* § 1 (1964). The criminal code expanded burglary to include unlawfully remaining in a dwelling. RCW 9A.52.020. Defendant seeks to examine the history and purpose of this change to support his argument. He contends that the "remains unlawfully" language was intended to close a loophole that existed in the statute in situations where there was a licensed entry, but the person remained after termination of the privilege. *Cf. People v. Licata,* 28 N.Y.2d 113, 268 N.E.2d 787, 789, 320 N.Y.S.2d 53 (1971) (construing a criminal trespass statute). Defendant infers from this legislative history that where a defendant has entered unlawfully, the additional "remains unlawfully" language is simply not applicable. The cases cited do not support this contention. They relate either to licensed entry or revocation of the right to enter; none relate to unlawful entry and commission of a crime therein.

There is no room for judicial interpretation based on common law history and legislative intent in the face of a clear and unambiguous statute. We must apply RCW 9A.52.020 in conformity with its obvious meaning. *State v. Green,* 91 Wn.2d 431, 441, 588 P.2d 1370 (1979), *modified on other grounds,* 94 Wn.2d 216, 616 P.2d 628 (1980).

> (1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.

RCW 9A.52.020. The statute is phrased in the disjunctive and states alternative but not incompatible means whereby the crime can be committed. The trial court's unchallenged finding of fact is similarly phrased. It is undisputed that substantial evidence existed to support either means of

committing the burglary. No finding of fact, however, supports the claim of innocent entry and, contrary to the defendant's argument on appeal, the trial court did not accept this theory.

■ Defendant next argues that the assault charges merge into the burglary charge because the assault is the aggravating factor which elevates the offense to burglary in the first degree.[1] As a rule of statutory construction, the merger doctrine applies when, in order to prove a particular degree of crime, the State must prove not only commission of the crime, "but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes . . ." *State v. Vladovic,* 99 Wn.2d 413, 421, 662 P.2d 853 (1983).

The State responds by citing RCW 9A.52.050, the so-called antimerger statute.

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

The issue is interpretation of the words "any other crime." Defendant relies on the following language in *State v. Johnson,* 92 Wn.2d 671, 677, 600 P.2d 1249 (1979).

> If this section is read with RCW 9A.52.020 and .030, . . . it will be seen that, while subsection (1) of .020 includes assault as an element, subsection (1) of .030 involves no other offense. Both, however, have as an element the intent to commit another crime. It would appear, therefore, that RCW 9A.52.050 has reference to such other crimes, rather than to the assault which is an element of first–degree burglary.

*Johnson,* at 677. Several factors suggest that this language may have been intended to make the holding more understandable, but not to establish new law. First, *Johnson* cites no authority for its interpretation of the antimerger statute. Second, the language in *Johnson,* not necessary to

---

[1] Concurrent sentences were imposed so no double jeopardy violation is presented. *State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982).

the result, clearly is dicta. Third, in view of the following language in *State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982), it may not reflect the present view of the court.

> [T]he antimerger statute is an express statement that the legislature intended to punish separately any other crime committed during the course of a burglary.

*State v. Bonds, supra* at 15, quoting *State v. Hoyt,* 29 Wn. App. 372, 377–78, 628 P.2d 515 (1981). We hold that by reason of the antimerger statute, the assault and burglary do not merge.

Defendant next contends that there was not sufficient evidence to convict him of assaulting his wife, arguing that he did not intend to injure her and that it was unknown when during the altercation the cutting occurred. The evidence of a 25–inch cut down her side that required several stitches was uncontroverted, as was the fact that the defendant threatened his wife and her boyfriend during the altercation. That no one knew for sure when the cut occurred is not dispositive. When physical facts are uncontroverted, reasonable minds must follow the physical evidence. *State v. Jelle,* 21 Wn. App. 872, 877, 587 P.2d 595 (1978). The trial judge found the physical evidence conflicted with the defendant's explanation that the cut was accidental. On a more fundamental level, it is clear that intent to injure is not an element of second degree assault. *State v. Strand,* 20 Wn. App. 768, 779, 582 P.2d 874 (1978). RCW 9A.36.020(1)(b), (c). The State was only required to show that the defendant acted knowingly, *i.e.,* that he was aware of facts, circumstances, or a result described by a statute defining an offense. RCW 9A.08.010(1)(b)(i). Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found this and the other elements of second degree assault beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

Finally, the defendant argues that the trial court erred in denying him a hearing to determine whether the filing of another charge constituted prosecutorial vindic-

tiveness. He was originally charged with the two assaults. During the plea bargaining he insisted on a trial concerning the alleged assault on his wife. The prosecutor threatened to file the burglary charge if the defendant did not plead guilty to both assaults. Defendant's motion to prohibit filing of the additional charge was denied, and the court permitted amendment of the information to charge burglary in the first degree. Prosecutorial vindictiveness is the charging of a more serious crime "in retaliation for a defendant's lawful exercise of a procedural right." *State v. McKenzie,* 31 Wn. App. 450, 452, 642 P.2d 760 (1981). If the only showing of vindictiveness is the addition before trial of new charges for which the State believes there is sufficient evidence to support a conviction, constitutionally impermissible conduct has not been shown. *State v. Penn,* 32 Wn. App. 911, 914, 650 P.2d 1111 (1982). There has been no demonstration of impermissible conduct in this case, and thus no error in denying the motion for a hearing.

Affirmed.

SWANSON and CALLOW, JJ., concur.

Reconsideration denied January 31, 1984.