[Nos. 22488-3-I; 22489-1-I.   Division One.   January 8, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID MICHAEL DAVISON, *Appellant.*

*Patricia Novotny* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Nicole MacInnes, Deputy,* for respondent.

WINSOR, J.—David Davison appeals his sentence after entering an *Alford*[1] plea to burglary in the first degree and assault in the second degree.[2] Davison contends that: (1) burglary in the first degree and assault in the second degree constitute the "same criminal conduct" for the purpose of calculating his offender score under RCW 9.94A.400(1)(a); and (2) assault in the second degree is a lesser included offense of burglary in the first degree, such that imposing separate punishment for both crimes violates the prohibition against double jeopardy. We affirm.

On December 23, 1987, Kamren Sherzai and a guest, Ahmed Popal, were inside Sherzai's apartment. Davison knocked on the apartment door. As soon as Sherzai opened the door, Davison burst inside, drew a gun and pointed it at Sherzai. Davison struck Sherzai on the head with the butt of the gun. Sherzai subsequently fled out the patio door.

---

[1]*North Carolina v. Alford,* 400 U.S. 25, 37, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

[2]At the same time, Davison was sentenced in a second case for assault in the second degree. Although consolidated with the case which is the subject of this appeal, Davison assigns no error in the second case; thus, we consider the second case irrelevant for the purposes of our opinion.

Davison then turned his attention to Popal. Davison ordered Popal to hand over his wallet. Upon looking in the wallet, Davison became angry because it only contained $1. He hit Popal in the head with the butt of the gun and demanded more money. When Popal told Davison that he had no more money, Davison struck Popal again. Davison then rummaged through the apartment and took some electronic equipment. In the meantime, Popal also fled out the patio door.

Davison departed the scene before police arrived at the apartment. He was picked up several hours later and subsequently identified as the perpetrator by Popal.

The prosecutor charged Davison with burglary in the first degree and assault in the second degree. The information read:

### Count I

. . . .
That the defendant David Michael Davison, in King County, Washington, on or about December 23, 1987 did enter and remain unlawfully in the dwelling of Kamran Sherzai . . . with intent to commit a crime against a person or property therein, and in entering, and while in such dwelling and in immediate flight therefrom, the defendant was armed with a deadly weapon and did assault persons therein, to wit: Kamran Sherzai and Ahmed Popal;

. . . .
### Count III

. . . .
That the defendant David Michael Davison, in King County, Washington, on or about December 23, 1987 with intent to commit the felony of burglary, theft or robbery, did knowingly assault Kamran Sherzai, a human being[.]

The prosecutor elevated count 1 to first degree burglary by alleging the assaults of both Sherzai and Popal.[3] Similarly, by alleging felonious intent to commit burglary, theft or

---

[3]A prosecutor may elevate a charge from second to first degree burglary by alleging an assault of any person inside the dwelling at the time of the burglary. RCW 9A.52.020(1) provides in pertinent part:

A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight

robbery, the prosecutor elevated the accompanying assault offense to the second degree.[4] The assault charge was based on the same assault on Sherzai as alleged in the burglary charge.

At sentencing, Davison argued that for purposes of calculating his offender score under the Sentencing Reform Act of 1981 (SRA), the burglary and assault charges should be considered the "same criminal conduct" within the meaning of RCW 9.94A.400(1)(a).[5] Accordingly, he contended that his offender score should be 6, and the relevant sentencing ranges between 45 and 55 months for the assault and 75 and 93 months for the burglary.[6]

The trial court disagreed, determining that the burglary and the assault were not the same criminal conduct because the crimes involved two separate victims. Davison's offender score was calculated to be 8, and he received concurrent sentences of 82 months for the assault and 120 months for the burglary.

---

therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.

Second degree burglary requires only the intent to commit a crime against a person or property, and entry into a building. *See* RCW 9A.52.030.

[4]Former RCW 9A.36.020, the codification of the crime of assault in the second degree, provides in pertinent part:

"Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

" . . . .

"(d) Shall knowingly assault another with intent to commit a felony."

[5]This section provides: "[W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . '*Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.*" (Italics ours.) RCW 9.94A.400(1)(a).

[6]This calculation includes enhancements for prior convictions and the use of a deadly weapon during the commission of the crime.

## I

■ In reviewing a trial court's determination of what constitutes the "same criminal conduct" for the purposes of calculating a criminal defendant's offender score, we will not reverse unless the trial court has abused its discretion or misapplied the law. *State v. Collicott,* 112 Wn.2d 399, 404, 771 P.2d 1137 (1989).

The defendant's offender score is derived from his criminal history, including both prior and current convictions. At issue in this case is how related current convictions are used in calculating the offender score.

■ In *State v. Dunaway,* 109 Wn.2d 207, 212, 743 P.2d 1237, 749 P.2d 160 (1987), the Supreme Court held that separate convictions will be treated as one for sentencing purposes if they arise out of the same criminal conduct and one criminal event is intimately related to the other. 109 Wn.2d at 214–15. The court adopted the "objective intent" test for determining whether accompanying crimes encompass the same criminal conduct. The test requires the trial court to focus on the extent to which the defendant's criminal intent, as objectively viewed, changed from one crime to the next. This determination includes examination of the related issues of whether one crime furthered the other and whether the time and place of each crime remained the same. *Dunaway,* 109 Wn.2d at 214–15. However, the *Dunaway* court recognized one exception to this analysis: crimes involving multiple victims must be treated as separate for purposes of calculating the offender score. *Dunaway,* 109 Wn.2d at 215.

Applied here, the *Dunaway* multiple–victim exception appears to preclude a finding that the burglary and assault constitute the same criminal conduct, since both Sherzai and Popal were victims. However, Davison makes two arguments to refute that result. First, Davison argues that only Sherzai was a victim of the burglary, since Sherzai was the occupant of the dwelling and Popal was only a guest. Second, he argues that *State v. Collicott, supra,* compels us to find that the crimes did constitute the same criminal

conduct because the victim Sherzai was the focus of the prosecutor's charging scheme.

■ Davison's first argument apparently relies on the common law notion that burglary is a crime that violates a person's right of habitation. *See* W. LaFave & A. Scott, *Criminal Law* § 96, at 711 (1972). This argument ignores the plain language of Washington's burglary statute. RCW 9A.52.020(1)(b) provides that a person is guilty of committing first degree burglary if he or she "assaults any person" while in the building or dwelling. See footnote 3. When the language of a statute is plain and unambiguous, it must be construed in conformity to its obvious meaning without regard to how the matter would have been treated under common law. *State v. Bergeron,* 105 Wn.2d 1, 15, 711 P.2d 1000 (1985). Under the modern statutory scheme, Popal was just as much a victim as Sherzai.

Davison next argues that under *Collicott,* Sherzai was the only "central victim" of Davison's crimes. *Collicott* involved a burglary, rape and kidnapping. The defendant broke into a counseling center and began collecting electronic equipment. During this activity, the victim, who was asleep in an adjacent room, woke up and met Collicott in the hallway. Subsequently, Collicott raped the victim and then kidnapped her. 112 Wn.2d at 401.

In deciding the "same criminal conduct" issue, the court focused on Collicott's objective intent and found that there was only one central victim to his crimes, the woman who was raped and kidnapped.[7] The burglary charge relied on, and could not be disassociated from, the rape and kidnapping charges. *Collicott,* 112 Wn.2d at 409.

Davison's crimes present a far different situation. The burglary charge has two independent bases for elevation to the first degree: the assault of Sherzai and the assault of Popal. The assault and the burglary are not intimately

---

[7]The court discussed but discounted the argument that the counseling center itself was a victim of Collicott's crimes for purpose of the *Dunaway* exception. *Collicott,* 112 Wn.2d at 408–09.

related in the same way the crimes were in *Collicott,* since the burglary charge also relies on the assault of Popal, a crime independent of the Sherzai assault. Both Sherzai and Popal were victims of the burglary; thus, the *Dunaway* exception controls. The trial court correctly concluded that there were two separate crimes for purposes of calculating Davison's offender score.

## II

Davison argues that even if the assault and burglary do not constitute the same criminal conduct, imposing separate punishment for each crime violates the prohibition against double jeopardy because the assault is a lesser included offense of the burglary. *See* U.S. Const. amend. 5; Const. art. 1, § 9. Davison also contends, and the State does not dispute, that the concurrent sentence doctrine would not apply to preclude Davison's claim on this issue.[8] The State does argue, however, that the burglary antimerger statute allows separate punishment of the burglary and assault.

The burglary antimerger statute states:

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

RCW 9A.52.050. The assault of Sherzai was charged as a separate crime under count 3 of the information, and as one of the elements of the first degree burglary.

---

[8]Long considered the rule in Washington, the concurrent sentence doctrine provides that when several crimes are charged against a person for the same act or transaction, and convictions are obtained on all counts, if the defendant's sentences are made to run concurrently with each other and do not exceed the penalty for one of the offenses for which he was properly convicted, the defendant is being punished "'but once for his unlawful act.'" *State v. Johnson,* 96 Wn.2d 926, 930–31, 639 P.2d 1332 (1982) (quoting *In re Rice,* 24 Wn.2d 118, 124, 163 P.2d 583 (1945)).

Davison's offender score was increased such that the penalty for both offenses exceeded the penalty for only one of the offenses. Therefore, the concurrent sentence doctrine does not apply.

This court previously has held that the crimes of assault in the second degree and burglary in the first degree do not merge by reason of the antimerger statute. *State v. Fryer,* 36 Wn. App. 312, 316, 673 P.2d 881 (1983); *State v. Hunter,* 35 Wn. App. 708, 717, 669 P.2d 489, *review denied,* 100 Wn.2d 1030 (1983). In *Fryer,* the defendant was convicted of first degree burglary and second degree assault. On appeal, he argued that the assault charge merged into the burglary charge because the assault was an aggravating factor which elevated the offense to burglary in the first degree. The court held that by reason of the antimerger statute, the assault and the burglary did not merge. That case, however, did not involve a double jeopardy claim. *Fryer,* 36 Wn. App. at 315 n.1.

*Hunter* directly held that convictions for first degree burglary and second degree assault did not violate double jeopardy. 35 Wn. App. at 717. The court, citing *Missouri v. Hunter,* 459 U.S. 359, 74 L. Ed. 2d 535, 103 S. Ct. 673 (1983), reasoned that cumulative punishment may be imposed in a single trial whenever the Legislature specifically authorizes it, as it has in RCW 9A.52.050. *Hunter,* 35 Wn. App. at 717. The logic behind this analysis is apparent from a reading of *Missouri v. Hunter, supra.* There the United States Supreme Court considered the question of whether or not the prosecution and conviction of a criminal defendant on a charge of "armed criminal action" and first degree robbery violated double jeopardy. *Missouri v. Hunter,* 459 U.S. at 360. In holding that no violation occurred, the Court stated that the role of the double jeopardy clause with respect to cumulative sentences imposed at a single trial is only to "prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. at 366.

We agree with the reasoning of *State v. Hunter, supra,* and *Missouri v. Hunter, supra.* The antimerger statute refers to "any other crime", and that language unambiguously includes assault, even though the assault and first degree burglary statutes may be used to charge the same

conduct, as they were in this case. RCW 9A.52.050. The Legislature expressly intended cumulative punishment for crimes committed during the commission of a burglary, as the language of the antimerger statute plainly indicates. Accordingly, any additional sentence that Davison received by virtue of his heightened offender score does not violate double jeopardy.

We affirm the sentence of the trial court.

COLEMAN, C.J., and WEBSTER, J., concur.

Review denied at 114 Wn.2d 1017 (1990).