[No. 23242-8-I. Division One. October 8, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. DALLAS L. LESSLEY, *Appellant.*

---

[17]*Collicott,* at 404.

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeanne Tweten, Deputy,* for respondent.

FORREST, J.—Dallas Lessley appeals from calculation of his offender score and sentence, contending that the court erred in finding that his convictions for kidnapping in the first degree and burglary in the first degree did not encompass the same criminal conduct. We affirm.

The evening of July 26, 1988, George and Janette Thomas were sleeping at their Seattle home. Their daughter, Dorothy Olson, was also asleep. They were awakened by the sound of someone pounding at their front door. When Mr. Thomas investigated, he learned that Dallas

Lessley, Dorothy's former boyfriend, was outside the door. He asked him to leave.

Lessley continued pounding on the door, eventually breaking it down. He burst into the house, brandishing a .22 caliber revolver, and demanded to see Dorothy. Mr. Thomas slipped out of the house to call the police. Dorothy was ordered by Lessley to drive him from the house, and Mrs. Thomas was forced by Lessley's threats of violence to accompany them.

Mrs. Thomas was ordered from the car after Dorothy had driven to a house in Maple Valley. Dorothy then drove Lessley to another home, where he was soon arrested. Lessley was subsequently charged with and pleaded guilty to burglary in the first degree, kidnapping in the first degree (as to Dorothy), kidnapping in the second degree (as to Mrs. Thomas) and intimidating a witness.

The issue presented is whether the trial court erred in finding that the appellant's offenses for kidnapping in the first degree and burglary in the first degree did not require the same criminal conduct and, therefore, did not count as one when calculating his offender score. The trial court's determination of what constitutes the same criminal conduct is entitled to deference and will not be reversed absent a clear abuse of discretion or misapplication of the law.[1]

The applicable statute, RCW 9.94A.400(1)(a), reads:

> Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

---

[1]*State v. Collicott,* 112 Wn.2d 399, 404–05, 771 P.2d 1137 (1989); *State v. Burns,* 114 Wn.2d 314, 788 P.2d 531 (1990).

As enacted in 1984, the language "encompass the same criminal conduct" was not defined.[2] Even in that form, the statute was intended to apply to a limited number of cases.[3] This intent is further demonstrated by the 1987 amendment to the statute of a definition which sharply reduced the crimes that would qualify as the "same criminal conduct".[4] Clearly, the Legislature intends a narrow construction.

Here, Lessley urges that the first degree kidnapping and first degree burglary must be considered the "same criminal conduct." He ignores, however, the burglary antimerger statute. RCW 9A.52.050 reads:

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

The statute provides for additional punishment for crimes committed during commission of a burglary.[5] The specific language of the statute permits punishing Lessley's kidnappings separately from the burglary, which justifies the trial court in not treating them as the "same criminal conduct."

Arguably, the burglary antimerger statute conflicts with RCW 9.94A.400(1)(a) and has been repealed by implication.[6] When two statutes appear to conflict, every effort

---

[2]*See* Laws of 1984, ch. 209, § 25.

[3]*See* D. Boerner, *Sentencing in Washington* § 5.8(a) (1985).

[4]*See* Laws of 1987, ch. 456, § 5.

[5]*See State v. Davison*, 56 Wn. App. 554, 784 P.2d 1268 (1990).

[6]Professor Boerner notes that the Sentencing Guidelines Commission's recommendation as to "same criminal conduct" included an example of second degree burglary being encompassed within possession of goods stolen in the same burglary. D. Boerner, *Sentencing in Washington* § 5.8(a) (1985). Finding this consistent with the purposes of the act, he assumes without explicitly asserting that RCW 9A.52.050 was repealed by implication. He does not consider whether a burglary followed by more than one crime as in *State v. Collicott*, 112 Wn.2d 399, 771 P.2d 1137 (1989) should be treated as the "same criminal conduct".

should be made to harmonize their respective provisions.[7] Here, that is easily done by recognizing that application of the burglary antimerger statute is discretionary with the sentencing judge and permits punishment for burglary and other crimes simultaneously committed. This result accords with the well–established rules that the more specific statute controls over a conflicting, more general statute,[8] and that the Legislature is presumed to be familiar with its prior legislation.[9] In this case, then, the antimerger statute controls over the general language as to "same criminal conduct" when the sentencing judge imposes punishment pursuant to RCW 9A.52.050. Repeals by implication are not favored.[10] If repeal is appropriate, it should be done by the Legislature, not by the courts.

Reliance on the burglary antimerger statute is not inconsistent with the holdings of any Washington cases, although arguably so with some of their language. The Washington Supreme Court has never authoritatively construed the current RCW 9.94A.400(1)(a) in a case with a factual pattern equivalent to the one before us, nor explicitly addressed the relationship between the sentencing reform act and the burglary antimerger statute.

In *State v. Dunaway*,[11] the court interpreted an earlier version of the statute. No burglary was involved. Consequently, the effect of the burglary antimerger statute was not considered.[12] *State v. Collicott*[13] did involve a burglary

---

[7]*In re Eaton*, 110 Wn.2d 892, 901, 757 P.2d 961 (1988).

[8]*Muije v. Department of Social & Health Servs.*, 97 Wn.2d 451, 645 P.2d 1086 (1982); *Fifteen–O–One Fourth Ave. Ltd. Partnership v. Department of Rev.*, 49 Wn. App. 300, 742 P.2d 747 (1987), *review denied*, 110 Wn.2d 1005 (1988).

[9]*Little v. Little*, 96 Wn.2d 183, 634 P.2d 498 (1981).

[10]*Farris v. Munro*, 99 Wn.2d 326, 662 P.2d 821 (1983).

[11]109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).

[12]Under *Dunaway*, however, the first degree burglary and first degree kidnapping would arguably encompass the same criminal conduct since the criminal

but, surprisingly, did not even mention the burglary anti-merger statute. Assuming *Collicott* has precedential authority,[14] the opinion depends in very large measure on the specific charging language of the information and plea agreement to find the crimes part of the "same criminal conduct."[15] The opinion recognizes that on the facts before it, the prosecutor could have charged burglary in the second degree without reference to the other crimes, thus excluding it from treatment as "same criminal conduct" and permitting separate consideration in calculating the offender score.[16]

Here, the charging document is unlike that of *Collicott*. The burglary charge does not refer to kidnapping to raise the degree of the crime. Instead, burglary was elevated to the first degree because Lessley was armed. Indeed, on these facts, Lessley could have been convicted of burglary in the first degree even if he had been acquitted of the kidnappings.

In *Collicott*, however, the Court flatly stated that the further acts committed after the dwelling was illegally entered are "still part of the burglary." *Collicott*, at 408. The lack of reference to RCW 9A.52.050, which explicitly permits punishment for burglary and any other crime committed during the burglary, is puzzling. The court in *State*

---

intent, when objectively viewed, did not change as the crimes were committed. *See Dunaway*, at 215. This also presumes that there was only one victim of the burglary. However, the intent on entry may have been to confront Dorothy rather than to kidnap her. Determining "objective intent" is not free from uncertainty.

[13]112 Wn.2d 399, 771 P.2d 1137 (1989).

[14]*Collicott* was a plurality opinion, three Justices concurring in the majority opinion, one Justice concurring in the result only, and four Justices dissenting. Accordingly, it is of limited precedential value. *See Southcenter Joint Venture v. National Democratic Policy Comm.*, 113 Wn.2d 413, 427–28, 780 P.2d 1282 (1989); *see also State v. Burns*, 114 Wn.2d 314, 788 P.2d 531 (1990).

[15]*Collicott*, at 407–08.

[16]*Collicott*, at 406–07.

*v. Davison*[17] recently found the burglary antimerger statute alive and well.[18] The court applied it to permit punishment of a burglary and an assault, which raised the burglary to the first degree. The court found that there were two victims of the burglary, so did not address the issue before us. *Collicott* was distinguished on its facts and, relying on *Dunaway,* both offenses were permitted to be used to calculate the offender score.

The Washington Supreme Court has never directly addressed the interaction between "same criminal conduct" and the burglary antimerger statute. Hence, RCW 9A.52-.050 was not repealed by implication with enactment of RCW 9.94A.400(1)(a). The two statutes can be harmonized by recognizing burglaries as exempt under RCW 9A.52.050, at the discretion of the sentencing judge, from consideration as "same criminal conduct" when additional crimes committed during or in connection with the burglary are charged. The trial court correctly found that the appellant's offenses for kidnapping in the first degree and burglary in the first degree did not count as one when calculating his offender score.

Affirmed.

BAKER, J. (concurring)—I concur in the result, but upon different grounds.

First, I adopt the analysis of the burglary antimerger statute, RCW 9A.52.050, as set forth in the majority opinion of *State v. Dunbar,* 59 Wn. App. 447, 798 P.2d 306 (1990).

Second, analyzing this case according to the dictates of *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987) and *State v. Collicott,* 112 Wn.2d 399, 771 P.2d 1137 (1989), I conclude that the convictions in this case for

---

[17]56 Wn. App. 554, 784 P.2d 1268 (1990).

[18]*See also State v. Sweet,* 36 Wn. App. 377, 675 P.2d 1236 (1984); *State v. Fryer,* 36 Wn. App. 312, 673 P.2d 881 (1983); *State v. Hunter,* 35 Wn. App. 708, 669 P.2d 489, *review denied,* 100 Wn.2d 1030 (1983).

kidnapping in the first degree and burglary in the first degree did not encompass the same criminal conduct.

■ A careful analysis of *Dunaway* and *Collicott* appears in the majority opinion decided by this same panel in *State v. Dunbar*, 59 Wn. App. 447, 798 P.2d 306 (1990). That analysis will not be repeated here. *Collicott* depended to a large extent upon the charging scheme utilized by the State, and the fact that the defendant entered into a plea agreement on the basis of that charging scheme. Emphasis was placed upon the "element sharing" aspect of the charging scheme, by which the degrees of the crimes charged were elevated by specific reliance upon shared elements. As noted by Judge Forrest in his opinion in this case, however, the State did not rely upon shared elements to elevate the degrees of the crimes charged against Lessley. Lessley was charged under RCW 9A.52.020 with first degree burglary in the following language:

> That the defendant . . . did enter and remain unlawfully in the dwelling of George and Janette Thomas . . . within intent to commit a crime against a person or property therein, and in entering, and while in such dwelling and in immediate flight therefrom, the defendant was armed with a deadly weapon[.]

Lessley was also charged under RCW 9A.40.020(1)(b) with first degree kidnapping in the following language:

> That the defendant . . . did intentionally abduct Dorothy Olson, a human being, with intent to facilitate commission of the felony of assault and flight thereafter[.]

An analysis of the charging documents leads to the conclusion that neither offense depended upon the other to obtain a higher degree. Lessley committed multiple crimes upon his breaking into the Thomas residence. It was not necessary for the prosecutor to rely upon the kidnapping of Dorothy Olson as a basis upon which to charge Lessley with the crime of first degree burglary.

■ Further, the objective intent of the burglary committed by Lessley was completed when he broke into the Thomas residence while armed with a deadly weapon. Crimes which he objectively intended to commit therein included the property damage caused when he broke in, the

assault against Mr. Thomas, and the assaults against Mrs. Thomas and his former girl friend, Dorothy Olson. His subjective intent is irrelevant, and we would only be speculating to assume that that subjective intent was to kidnap and rape his former girl friend. He may initially only have intended to confront her.[19]

Further, the crimes of which Lessley was convicted involved multiple victims, and *State v. Dunaway, supra,* established crimes involving multiple victims as a clear exception to the "same criminal conduct" rule of RCW 9.94A.400(1)(a). *Dunaway,* at 215.

I would therefore conclude that the trial court's determination that the convictions in this case did not constitute the same criminal conduct for purposes of sentencing under the sentencing reform act was a correct decision, following the analysis previously employed by our Supreme Court in both *State v. Dunaway, supra,* and *State v. Collicott, supra.*

GROSSE, A.C.J., concurs with BAKER, J.

Reconsideration denied November 7, 1990.

Review granted at 116 Wn.2d 1018 (1991).

---

[19]Even if we were to consider the former girl friend as the "central victim" in the two charged crimes, *see State v. Collicott,* at 409, we would not conclude that the charge of first degree burglary depended upon the fact that Lessley broke into the residence with the intent to kidnap and assault his former girl friend.