[No. 31274-0-I. Division One. December 20, 1993.]

RAYMOND LESON, *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*James F. Pleasants,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Ronald L. Lavigne, Assistant,* for respondents.

WEBSTER, C.J. — Raymond L. Leson appeals a judgment affirming the Department of Ecology's assessment of fines for negligently causing entry of oil into, and pollution of, state waters. He claims that federal law preempted state action, that even if he was subject to discipline, any fine was limited to $5,000, and the Department improperly imposed fines under both a general and a specific statute.

## FACTS

On December 21, 1985, Captain Raymond L. Leson, while piloting the oil tanker *ARCO Anchorage,* issued a series of rudder and engine commands that resulted in the grounding of the vessel in shallow water surrounding Port Angeles Harbor. The Coast Guard investigated the incident and suspended Leson's federal license. The Department of Ecology subsequently assessed civil penalties against Leson ($20,000 pursuant to RCW 90.56.330 and $10,000 pursuant to RCW 90.48.144).[1] The Pollution Control Hearings Board (PCHB) affirmed Ecology's penalty assessment. PCHB found that Leson's negligent pilotage caused the discharge of approximately 239,000 gallons of crude oil into the Port Angeles Harbor and adjacent waters. The damages from the oil spill would have been substantially greater, but for the multimillion dollar cleanup effort paid for by the Atlantic Richfield

---

[1]Several relevant statutes have been recodified since December 1985. For ease of reference, we cite to the current codification of statutes, rather than the codification as it existed in December 1985.

Company. After hearing argument and reviewing PCHB's order, the Superior Court affirmed.

## I

Leson claims that under the supremacy clause, the State was preempted from disciplining him after the Coast Guard assumed jurisdiction and imposed punishment. U.S. Const. art. 6, cl. 2. He argues that through pervasive federal regulation, Congress has preempted the field of enrolled vessel pilotage[2] leaving no room for a state to discipline a pilot operating under a federal license.

The issue is whether the State's environmental laws have been preempted by 46 U.S.C. §§ 8501 and 8502.[3] Generally, there are two ways in which the federal government preempts state action, namely, field and conflict preemption. Under field preemption, state law in a given field is preempted if Congress explicitly or impliedly indicates an intent to occupy the field. *Inlandboatmen's Union v. Department of Transp.*, 119 Wn.2d 697, 701, 836 P.2d 823 (1992). Even if Congress has not indicated an intent to occupy the field, state law is preempted to the extent it would actually conflict with federal law. *Inlandboatmen's*, at 701. "There is a strong presumption against finding preemption in an ambiguous case, and the burden of proof is on the party claiming preemption." (Footnotes omitted.) *Inlandboatmen's*, at 702. The United States Supreme Court has held that Congress did not intend to preempt state enforcement of its environmental laws. *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 162-64, 55 L. Ed. 2d 179, 189, 98 S. Ct. 988 (1978). Congress has recently reaffirmed that it does not intend to preempt state

---

[2]An enrolled vessel is one engaged in domestic or coastwise trade or fishing as opposed to trade with foreign countries. *Douglas v. Seacoast Prods., Inc.*, 431 U.S. 265, 265, 52 L. Ed. 2d 304, 97 S. Ct. 1740, 1742 (1977).

[3]46 U.S.C. § 8501(d) prohibits a state from requiring that enrolled vessels subject to federal inspection take on a state licensed pilot. 46 U.S.C. § 8502(c) prohibits a state from requiring a federally licensed pilot to procure a state license, or "adopt any other regulation that will impede the pilot in the performance of the pilot's duties under the laws of the United States."

enforcement of its environmental laws stating that nothing in 46 U.S.C. § 183 *et seq.*

> shall in any way affect, or be construed to affect, the authority of the United States or any State . . .
> (1) to impose additional liability or additional requirements; or
> (2) to impose, or to determine the amount of, any fine or penalty (whether criminal or civil in nature) for any violation of law;
> relating to the discharge, or substantial threat of a discharge, of oil.

33 U.S.C. § 2718(c) (Supp. III 1991); *see also Ray v. ARCO,* 435 U.S. 151, 162-64, 55 L. Ed. 2d 179, 189, 98 S. Ct. 988 (1978). In citing numerous cases purporting to address the issue, Leson does not claim any conflict between RCW 90.56-.330, RCW 90.48.144 and 46 U.S.C. §§ 8501-02. Thus, we do not address conflict preemption. Because Congress did not preempt the field the State may impose penalties for the discharge of oil into its waters.

## II

Leson next claims RCW 88.16.118 limits a pilot's liability to $5,000 unless it is shown that he engaged in willful misconduct or gross negligence. He argues that since he was licensed by the state as well as the federal government, the statute applies to limit liability as to any proceedings by the State of Washington.

 We do not resort to statutory construction if a statute is unambiguous; its meaning is determined from the language of the statute alone. *Cherry v. Municipality of Metro Seattle,* 116 Wn.2d 794, 799, 808 P.2d 746 (1991). RCW 88.16 is unambiguous and, therefore, resorting to statutory construction and legislative history is inappropriate. The federal government has exclusive authority to regulate pilots on enrolled vessels, and the State of Washington is precluded from imposing its own pilotage requirements on enrolled vessels. *Ray v. ARCO,* 435 U.S. at 158-59. Washington's Legislature recognized this preclusion by stating that

> [a]ll vessels under enrollment and all United States and Canadian vessels engaged exclusively in the coasting trade on

the west coast of the continental United States (including Alaska) and/or British Columbia shall be exempt from the provisions of this chapter unless a pilot licensed under this chapter be actually employed, in which case the pilotage rates provided for in this chapter shall apply.

RCW 88.16.070.

Here, it is undisputed that the oil tanker was an enrolled vessel and Leson was operating under his federal and not his state license. Thus, RCW 88.16 did not apply. Even if RCW 88.16 had applied, the difference between damages and penalties is significant. The Department of Ecology assessed civil penalties, not damages, against Leson pursuant to RCW 90.56.330 ($20,000) and RCW 90.48.144 ($10,000). The piloting statute places a $5,000 limit on a pilot's liability "*for damages or loss* [to a person or property] occasioned by the pilot's errors, omissions, fault, or neglect in the performance of pilotage services". (Italics ours.) RCW 88.16.118. In the statute itself, the Legislature distinguished damages and penalties. *Compare* RCW 88.16.118 (liability limit for "damages") *with* RCW 88.16.150(2) ($5,000 "civil penalty" for violations of RCW 88.16). Thus, the Superior Court correctly ruled that the damage limit in RCW 88.16.118 applies only to compensatory damages, and not to a civil penalty imposed for violating the State's environmental laws regarding water pollution.

### III

■ ■ Lastly, Leson claims he was improperly punished under both a general and a specific statute. He argues that the Washington Supreme Court has repeatedly held that a person may not be held liable under a general statute where a more specific statute applies. *See State v. Danforth,* 97 Wn.2d 255, 257, 643 P.2d 882 (1982); *State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979); *see also State v. Jessup,* 31 Wn. App. 304, 641 P.2d 1185 (1982). However, "[w]hen two statutes appear to confict, every effort should be made to harmonize their respective provisions." *State v. Lessley,* 118 Wn.2d 773, 781, 827 P.2d 996 (1992) (quoting *State v. Lessley,* 59 Wn. App. 461, 464-65, 798 P.2d 302 (1990)); *McKinnon v.*

*White,* 40 Wn. App. 184, 193, 698 P.2d 94, *review denied,* 103 Wn.2d 1042 (1985). In interpreting statutes, the court must give effect to all language used by the Legislature and give preference to the specific statute only if the two statutes deal with the same subject matter and conflict to such an extent that they cannot be harmonized. *Omega Nat'l Ins. Co. v. Marquardt,* 115 Wn.2d 416, 425, 799 P.2d 235 (1990); *Lessley,* at 781. In addition, without a showing of ambiguity, a reviewing court derives a statute's meaning from its language alone and assumes that the Legislature meant exactly what it said. *Geschwind v. Flanagan,* 121 Wn.2d 833, 840-41, 854 P.2d 1061 (1993). "We are obliged to give the plain language of a statute its full effect, even when its results may seem unduly harsh." *Geschwind,* at 841 (citing *State v. Pike,* 118 Wn.2d 585, 591, 826 P.2d 152 (1992)).

Here, the language of the two statutes is unambiguous. RCW 90.48 titled WATER POLLUTION CONTROL, provides that

> [e]very person who:
>
> . . . .
>
> (3) Violates the provisions of RCW 90.48.080, or other sections of this chapter or chapter 90.56 RCW . . . shall incur, in addition to any other penalty as provided by law, a penalty in an amount of up to ten thousand dollars a day for every such violation.

RCW 90.48.144. RCW 90.56 is titled OIL AND HAZARDOUS SUBSTANCE SPILL PREVENTION AND RESPONSE and provides:

> **Additional Penalties.** Except as otherwise provided in RCW 90.56.390, any person who negligently discharges oil, or causes or permits the entry of the same, shall incur, in addition to any other penalty as provided by law, a penalty in an amount of up to twenty thousand dollars for every such violation, and for each day the spill poses risks to the environment as determined by the director.

RCW 90.56.330.[4]

---

[4]Penalties were imposed under former RCW 90.48.350 **Discharge of oil into waters of the state — Penalties** which has been subsequently amended and recodified as RCW 90.56.330. The revision added the words "Except as otherwise provided in RCW 90.56.390". Otherwise the provision at issue is identical in both versions of the statute.

■ Both statutes provide that the penalties authorized are to be "in addition to any other penalty as provided by law". Leson's suggestion that he can only be penalized under one of these statutes would require this court to ignore that language. When RCW 90.48 and RCW 90.56 are considered together, the legislative intent becomes clear and logical. The Legislature intended that any violations of RCW 90.48 or RCW 90.56 should be punished in an amount up to $10,000 a day without regard to fault or the particular type of pollutant. RCW 90.48.080. RCW 90.56.330 indicates that the Legislature intended that if the polluting material was oil, negligently introduced, the responsible party would incur an additional penalty, up to $20,000 a day. The two statutes do not provide identical penalties for identical offenses. Not all persons who violate RCW 90.48 are subject to RCW 90.56. All persons who cause entry of polluting material into state waters are subject to penalty under RCW 90.48. Only if the pollutant is oil will those persons be liable for the additional penalty. RCW 90.56.330.

Oil pollution is "an insidious form of pollution of vast concern to every coastal city or port and to all the estuaries on which the life of the ocean and the lives of the coastal people are greatly dependent." *Askew v. American Waterways Operators, Inc.,* 411 U.S. 325, 328-29, 36 L. Ed. 2d 280, 93 S. Ct. 1590, *review denied,* 412 U.S. 933 (1973). Our Legislature recognized that "Washington's navigable waters are treasured environmental and economic resources that the state cannot afford to place at undue risk from an oil spill". RCW 90.56.005(3)(c). Thus, it was a reasonable exercise of legislative authority to authorize an additional penalty for negligent discharges of oil "in addition to" the penalty authorized under RCW 90.48.144 for all polluting discharges.

We find that it was the explicit intent of the Legislature that the penalties authorized under RCW 90.48.144 and RCW 90.56.330 are not exclusive, but are to be combined when oil is the pollutant and its introduction into state waters is negligent.

The judgment is affirmed.

COLEMAN and FORREST, JJ., concur.

After modification, further reconsideration denied January 25, 1994.

Review denied at 124 Wn.2d 1009 (1994).