[No. 13226-9-III. Division Three. May 11, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD ORTIZ, *Appellant*.

---

*Norma Rodriguez; Antonio Salazar* and *Salazar Law Offices,* for appellant.

*Andrew K. Miller, Prosecuting Attorney,* for respondent.

MUNSON, J. — Richard Ortiz appeals his jury conviction of first degree burglary, RCW 9A.52.020(1), and second degree assault, RCW 9A.36.021(1)(c). He contends: (1) the evidence presented at trial was insufficient to support the burglary conviction, and (2) he cannot properly be found guilty of both second degree assault and burglary as these crimes were charged in the alternative.

On July 28, 1992, at approximately 10:30 p.m., Mr. Ortiz made an unannounced visit to the home of his former wife, Diane Ortiz. He climbed through the master bedroom window and entered the bathroom where Ms. Ortiz was with her boyfriend Mark Shear. Mr. Ortiz stated he intended to take their 2-year-old son, Mason, from the home. Ms. Ortiz asked him to leave. When Mr. Ortiz approached Mason's bedroom, Ms. Ortiz attempted to stop him. She tore off his tank top and proceeded to the kitchen to call the police. Mr. Ortiz pulled the telephone out of the wall. He then seized a cellular phone from her. An altercation ensued during which Mr. Ortiz struck Mr. Shear's hand with a set of fireplace tongs.

The State charged Mr. Ortiz with burglary in the first degree, RCW 9A.52.020(1)(b), "or in the alternative", two counts of assault: second degree assault for the attack against Mr. Shear, RCW 9A.36.021(1)(c), and fourth degree assault against Ms. Ortiz, RCW 9A.36.041.

The jury returned a guilty verdict for first degree burglary and second degree assault against Mr. Ortiz, and found Mr. Ortiz not guilty of the fourth degree assault.

## SUFFICIENCY OF THE EVIDENCE

Mr. Ortiz argues there was insufficient evidence showing he intended to commit a crime when he entered or unlawfully remained in the residence.

 In reviewing the sufficiency of evidence, the question is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Joy*, 121 Wn.2d 333, 338, 851 P.2d 654 (1993). A challenge to the sufficiency of evidence acknowledges the truth of the State's evidence and all reasonable inferences drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

RCW 9A.52.020(1) provides:

> A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor . . . assaults any person therein.

Mr. Ortiz argues the evidence does not establish he entered or remained unlawfully in the home. If not licensed, invited or otherwise privileged to do so, a person who enters a residence or remains there does so unlawfully. RCW 9A.52.010(3); *State v. Collins*, 110 Wn.2d 253, 751 P.2d 837 (1988). Under RCW 9A.52.040, a jury may infer the necessary element of intent to commit a crime from the fact of unlawful entry.[1] *State v. Jackson*, 112 Wn.2d 867, 774 P.2d 1211 (1989).

The residence belonged exclusively to Ms. Ortiz. She specifically told Mr. Ortiz not to come unannounced. She had neither invited him nor expected to see him that evening. Mr. Ortiz admitted Ms. Ortiz was awarded the residence as her property in the divorce, that he had not been invited to enter, and that he gained entry by climbing through the

---

[1]RCW 9A.52.040 provides:

"In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

master bedroom window. The evidence is sufficient to allow a reasonable jury to conclude Mr. Ortiz unlawfully entered the residence. His attempt to prevent Ms. Ortiz from calling the police is sufficient evidence to support the finding he, having unlawfully entered the house, remained there unlawfully.

Mr. Shear testified Mr. Ortiz swung at him with the fireplace tongs, striking him in the hand. This is sufficient evidence from which a reasonable trier of fact could find Mr. Ortiz formed an intent to commit an assault while he remained in the house unlawfully.

## CHARGES IN THE ALTERNATIVE

Mr. Ortiz contends the language of the information indicates he would be charged with either burglary or assault and, therefore, he could not be convicted of both. Count one charged burglary in the first degree by entering or remaining unlawfully in the dwelling and while therein assaulting Mr. Shear. As noted, the two assaults, designated count A and count B, were charged as an alternative to the burglary offense.

In order to obtain a conviction for first degree burglary, the prosecutor must prove not only that the accused entered or remained unlawfully with intent to commit a crime but also committed an assault or was armed with a deadly weapon. RCW 9A.52.020. Thus, assault is included as an element of first degree burglary. *See State v. Johnson*, 92 Wn.2d 671, 677, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948 (1980).

While the State is entitled to charge and prosecute offenses included within a greater offense, once the jury finds the defendant guilty of the greater offense, the lesser offense becomes merged in the greater offense, and the defendant cannot be found guilty of both. *Johnson*, at 681.

The State argues it need not have charged Mr. Ortiz in the alternative, in light of the antimerger statute, RCW 9A.52.050, which provides: "Every person who, in the commission of a burglary shall commit any other crime, may be

punished therefor as well as for the burglary, and may be prosecuted for each crime separately." This language was analyzed in *Johnson,* at 677:

> If this section is read with RCW 9A.52.020 and .030, defining burglary in the first and second degrees, it will be seen that, while subsection (1) of .020 includes assault as an element, subsection (1) of .030 involves no other offense. Both, however, have as an element the intent to commit another crime. It would appear, therefore, that RCW 9A.52.050 has reference to such other crimes, rather than to the assault which is an element of first-degree burglary.

(Footnote omitted.)

We recognize Division One of this court has concluded the antimerger statute permits an accused to be convicted of both first degree burglary and the included assault. *See State v. Davison,* 56 Wn. App. 554, 561, 784 P.2d 1268, *review denied,* 114 Wn.2d 1017 (1990); *see also State v. Fryer,* 36 Wn. App. 312, 315, 673 P.2d 881 (1983); *State v. Hunter,* 35 Wn. App. 708, 717, 669 P.2d 489, *review denied,* 100 Wn.2d 1030 (1983). Nevertheless, we find the reasoning in *Johnson* persuasive. Having relied on the assault to obtain a conviction for the greater offense of first degree burglary, the State was precluded from obtaining a separate conviction for the assault.

The conviction on the first degree burglary charge is affirmed; the conviction for assault is reversed and the matter is remanded for resentencing.

THOMPSON, C.J., and SCHULTHEIS, J., concur.