[No. 38928-9-I. Division One. April 13, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. RALPH DAVIS, *Appellant*.

---

[68]Conclusion of Law XIII.

[69]Tr. of Proceedings, at 28, Day One.

*Kelly V. Curtin* of *Nielsen, Broman & Associates, P.L.L.C.,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Karen L. Rogers, Deputy,* for respondent.

AGID, A.C.J. — Ralph Davis appeals his conviction for burglary and assault, contending the State failed to present

sufficient evidence that he either entered or remained unlawfully in a building. The State cross-appeals, contending the trial court erred by finding the burglary and assaults were the same criminal conduct and imposing a sentence for the burglary only. We find there was sufficient evidence to convict Davis of burglary, and we affirm the conviction. But the trial court improperly calculated Davis's offender score by treating the assault on a visitor as the same criminal conduct as the burglary and assault on the occupant of the apartment. We therefore remand for resentencing.

## FACTS

On March 11, 1996, Tiffany Tucker and her live-in boyfriend, Kenny Milton, had a fight. Tucker had just learned she was pregnant but decided to leave Milton. He pushed Tucker and ordered her out of the apartment. She called a friend to pick her up and waited outside for her to arrive. Davis saw Tucker sitting on the curb and noticed she was crying. He approached her to see what was wrong. She told Davis about her fight with Milton, and he offered to go to the apartment to make sure it was safe for her to get her things. Tucker waved in the direction of the apartment and said, "Sure."

Milton was in the apartment talking with Ann Anthony, Ryan Mitchell and James Moore when Davis knocked on the door. Davis poked his head in and asked which one was Milton. Milton identified himself, and Davis entered the apartment. He began yelling that Milton should not have pushed Tucker because she was pregnant. Milton replied that it was none of Davis's business and told him to leave the apartment.[1] Davis pulled a gun from under his shirt. He pointed it at Milton's head and then at Anthony when she tried to call the police. Davis then turned to leave and told Milton he would be back to talk to him later. He warned Anthony that he would "get her."

---

[1]Moore and Anthony both testified that Milton told Davis to leave, but there was some conflicting evidence that Milton never directly ordered him out.

Davis was charged and convicted of first degree burglary and two counts of second degree assault, each with a deadly weapon. The trial court sentenced Davis to 78 months for the burglary, 18 months for the underlying crime and 60 months for the firearm enhancement. It did not impose any sentence for the two counts of assault because it concluded they were the same criminal conduct as the burglary.

## DISCUSSION

### Sufficiency of the Evidence

■ Davis contends the State failed to present sufficient evidence to prove first degree burglary. In reviewing a challenge to the sufficiency of the evidence, we look at the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt.[2] We assume "the truth of the State's evidence and all the inferences" a jury could reasonably draw from it.[3]

■ To establish first degree burglary, the State must prove,

with intent to commit a crime against a person or property therein, [the defendant] enter[ed] or remain[ed] unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the [defendant] or another participant in the crime (a) [was] armed with a deadly weapon, or (b) assault[ed] any person.[4]

Davis argued the State failed to show he entered or remained unlawfully because Tucker gave him permission to enter the apartment. "A person 'enters or remains

---

[2]*State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

[3]*State v. Wilson,* 71 Wn. App. 880, 891, 863 P.2d 116 (1993), *rev'd on other grounds,* 125 Wn.2d 212, 883 P.2d 320 (1994).

[4]RCW 9A.52.020(1).

unlawfully' in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain.''[5] Moore and Anthony both testified Milton told Davis to leave when he began yelling and pulled his gun. Thus, his license to enter the apartment was specifically revoked. Viewing this evidence in the light most favorable to the State, there was sufficient evidence that Davis remained unlawfully in the apartment after his license was revoked.[6]

## Sentence

The State cross-appeals, contending the trial court abused its discretion by imposing a sentence only for the burglary. The court concluded counts 2 and 3, the assaults, were the same criminal conduct as count 1, the burglary. After considering argument from both sides, it also concluded it had discretion to decide whether or not to punish each crime committed during the burglary under RCW 9A.52.050, the burglary antimerger statute. It declined to apply the antimerger statute based on the facts of the case. We address the State's contentions in turn.

The State asserts that the assault on Anthony was not the same criminal conduct as the burglary. Crimes are the same criminal conduct when the defendant has the same criminal intent in each and they occur at the same time and place and involve the same victim.[7] The State agrees the crimes took place at the same time and place. But it argues the crimes involved different criminal intent and victims. Criminal intent is the same for two or more

---

[5]RCW 9A.52.010(3).

[6]The State argues there is also sufficient evidence to find Davis's license was impliedly revoked because he exceeded the scope of his permission to enter the apartment. *State v. Collins*, 110 Wn.2d 253, 261-62, 751 P.2d 837 (1988). We need not address this argument because there is sufficient evidence to establish Davis's license was expressly revoked. But we do note that *Collins*'s holding was very narrow. The implied revocation of license should apply only in cases where the license to enter was limited to a specific purpose.

[7]*State v. Lessley*, 118 Wn.2d 773, 777, 827 P.2d 996 (1992).

crimes when the defendant's intent, viewed objectively, does not change from one crime to the next, such as when one crime furthers another.[8] Davis pointed the gun at Anthony when she threatened to call the police to stop the burglary and assault on Milton. On these facts, the trial court could reasonably conclude that the assault furthered the burglary and, therefore, Davis had the same criminal intent in each.[9]

■ But the assault on Anthony was not the same criminal conduct as the burglary because Milton and Anthony were each victims of the burglary and only Anthony was the victim of the assault on her. In *State v. Davison*,[10] we held that two crimes cannot be the same criminal conduct if one involves two victims and the other involves only one. In *Davison*, the defendant broke into a home and assaulted the homeowner and his guest. The State charged the defendant with first degree burglary and one count of assault for the attack on the guest. The court concluded the crimes could not be the same criminal conduct because both people were victims of the burglary but only one was the victim of the assault. There is no distinction between *Davison* and the present case except that Davis was charged with both assaults. This is a distinction without a difference. The fact remains that the assaults had two different victims. As such, they cannot be the same criminal conduct.[11] The trial court erred in not imposing a sentence for the assault on Anthony.

The State also contends the trial court abused its discretion by refusing to punish each crime separately under the

---

[8]*Id.*

[9]We will not disturb a court's finding on this issue unless the trial court abused its discretion or misapplied the law. *State v. Walden*, 69 Wn. App. 183, 188, 847 P.2d 956 (1993).

[10]56 Wn. App. 554, 784 P.2d 1268, *review denied*, 114 Wn.2d 1017 (1990).

[11]*Lessley*, 118 Wn.2d at 777.

burglary antimerger statute.[12] The Legislature enacted the burglary antimerger statute to permit courts to punish separately any other crime occurring in the course of a burglary.[13] The State argues the statute is mandatory and courts must punish separately for each crime. In support, it cites various cases holding that separate punishment for crimes committed during the course of a burglary do not violate the Sentencing Reform Act, double jeopardy or the merger doctrine in light of the antimerger statute.[14]

 None of the cases on which the State relies addresses the question whether application of the statute is discretionary. That question has not been resolved directly, but the Supreme Court and Division Two of this court have concluded that even when the trial court decides that the defendant's crimes constitute the same criminal conduct, it has discretion to punish for each crime under the burglary antimerger statute.[15] If the trial court has discretion to apply the statute, it must also have discretion to refuse to apply it. This is the only interpretation of the statute that is consistent with its plain language. The statute states that a defendant "may" be punished separately for each crime committed in the course of a burglary. "May" generally indicates choice or discretion.[16] We hold that a trial court

---

[12]RCW 9A.52.050 provides: "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."

[13]*State v. Fryer,* 36 Wn. App. 312, 316, 673 P.2d 881 (1983).

[14]*State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982) (first degree rape does not merge with first degree burglary); *Davison,* 56 Wn. App. 554 (first degree burglary merges with second degree assault); *State v. Hunter,* 35 Wn. App. 708, 669 P.2d 489, *review denied,* 100 Wn.2d 1030 (1983) (first degree burglary and second degree assault merge).

[15]*Lessley,* 118 Wn.2d at 780-81; *State v. Kisor,* 68 Wn. App. 610, 618, 844 P.2d 1038, *review denied,* 121 Wn.2d 1023 (1993).

[16]*Strenge v. Clarke,* 89 Wn.2d 23, 28, 569 P.2d 60 (1977).

may, in its discretion, refuse to apply the burglary antimerger statute based on the facts of the case before it.[17]

■ ■ Finally, Davis contends his sentence is unlawful because the trial court imposed a 60-month firearm enhancement under Initiative 159.[18] He argues that initiative violates Const. art. II, § 19 by embracing multiple subjects not expressed in the title.[19] The Supreme Court rejected the same arguments in *State v. Broadaway*.[20] It held that, although the legislative title reflected only crimes involving the use of firearms, the initiative is valid at least with respect to crimes in which the defendant used a firearm.[21] Because Davis was convicted of a crime in which he used a gun, the portion of the act the trial court applied falls directly within the legislative title. We need not decide whether other sections of the act violate Const. art. II, § 19.

Affirmed in part, reversed in part and remanded for resentencing.

COLEMAN and COX, JJ., concur.

---

[17]At oral argument the State asserted that only the prosecutor has discretion under the antimerger statute. It is true that, unless the State charges separate crimes, the court cannot punish them separately. But the State's interpretation is fundamentally flawed because it renders the punishment clause of the statute superfluous.

[18]RCW 9.94A.310(3)(e) codified Initiative 159.

[19]At sentencing, Davis did not dispute that RCW 9.94A.310(3) applied because the jury found he was armed. Thus, the State contends he invited the error. *State v. Young*, 63 Wn. App. 324, 329-30, 818 P.2d 1375 (1991). When an error raises a constitutional issue, the defendant may raise it for the first time on appeal even if his trial counsel erroneously consents to the error below. *State v. Garcia*, 65 Wn. App. 681, 691 n.4, 829 P.2d 241, *review denied*, 120 Wn.2d 1003 (1992).

[20]133 Wn.2d 118, 942 P.2d 363 (1997).

[21]*Broadaway*, 133 Wn.2d at 129.