FILED
COURT OF APPEALS
DIVISION II

2014 FEB 20 AM 4: 35

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43645-1-II |
| Respondent, | |
| v. | |
| JOHN SCOTT LONERGAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — John Scott Lonergan appeals his convictions of second degree assault/domestic violence and felony harassment (death threat)/domestic violence, arguing that he received ineffective assistance of counsel when his attorney failed to argue at sentencing that his current offenses constituted the same criminal conduct. Lonergan argues in a pro se statement of additional grounds (SAG) that his trial attorney also was deficient in failing to present an alibi defense. Because Lonergan's trial testimony conflicts with the alibi he now presents, we reject his related claim of deficient performance. We affirm Lonergan's convictions. However, because Lonergan's trial counsel failed to raise the same criminal conduct argument, we agree with this claim of ineffective assistance of counsel and remand for resentencing.

## FACTS

Marisa Cadman and Lonergan had a tumultuous relationship that resulted in Lonergan moving out of Cadman's home in late 2011. Shortly after 1:00 AM on November 17, 2011, Cadman called 911 to report an altercation with Lonergan. Clark County Deputy Sheriff Richard Osborne responded to the call and found Cadman crying, shaking, and upset. She told Osborne

that Lonergan showed up at her home sometime around midnight. After he had been there for about an hour, she received a text from a male friend, and Lonergan demanded to see the text. When she refused, a struggle ensued. After pushing Cadman down on the couch, Lonergan began choking her with both hands while threatening to kill her.

Lonergan was arrested shortly thereafter and charged with second degree assault/domestic violence and felony harassment (death threat)/domestic violence. At his trial, Cadman testified that when she refused to relinquish her phone, Lonergan put his hands around her neck and threatened to kill her. He would let go briefly and then choke her again while threatening her. She testified that "the fact that he was saying that, it was even worse." Report of Proceedings (June 11, 2012) at 51. Cadman gave up and showed Lonergan her phone. Lonergan read the text message and left when Cadman told him she was calling the police. Cadman estimated that the altercation lasted 15 minutes.

Deputy Osborne testified about responding to the 911 call and explained that Cadman took Lonergan's threat to kill seriously because he was choking her at the time.

Lonergan testified that he went over to Cadman's house on the night in question at her invitation. He got there before she did and took a shower. When she came home drunk, he confronted her about where she had been, pushed her away, and left. He denied choking Cadman or threatening to kill her.

After the jury found Lonergan guilty as charged, the trial court counted his current offenses separately in calculating his offender score on each offense. The trial court imposed concurrent standard range sentences of 75 months on the assault and 51 months on the harassment.

Lonergan appeals and raises two claims of ineffective assistance of counsel.

DISCUSSION

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Lonergan argues that he received ineffective assistance of counsel when his attorney failed to argue at sentencing that his two current offenses counted as one under the same criminal conduct rule.

To prevail on a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient and that the deficiency was prejudicial. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). Counsel's performance is deficient if it falls below an objective standard of reasonableness and is not based on a legitimate strategic or tactical decision. *State v. McFarland*, 127 Wn.2d 322, 334-36, 899 P.2d 1251 (1995). Prejudice is established if a defendant can show that but for the deficient performance, the outcome would have differed. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). The failure to make a same criminal conduct argument is prejudicial if the defendant shows that with the argument, the sentence would have differed. *State v. Beasley*, 126 Wn. App. 670, 686, 109 P.3d 849, *review denied*, 155 Wn.2d 1020 (2005).

Offenses are the same criminal conduct if they require the same criminal intent, are committed at the same time and place, and involve the same victim. RCW 9.94A.589(1)(a). Courts narrowly construe the same criminal conduct rule, and if any of the three elements is missing, each conviction must count separately. *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

Here, there is no dispute that Lonergan committed assault and felony harassment at the same time and place and against the same victim. The only issue is whether Lonergan committed his crimes with the same criminal intent.

In this context, intent does not mean the particular mens rea required for the crime.[1] *State v. Davis*, 174 Wn. App. 623, 642, 300 P.3d 465, *review denied*, 178 Wn.2d 1012 (2013). Rather, it means the defendant's "'objective criminal purpose in committing the crime.'" *Davis*, 174 Wn. App. at 642 (quoting *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144, *review denied*, 114 Wn.2d 1030 (1990)); *see State v. Dunaway*, 109 Wn.2d 207, 217, 743 P.2d 1237, 749 P.2d 160 (1987) (kidnapping and robbery convictions shared same criminal intent); *Davis*, 174 Wn. App. at 642 (assault and attempted murder convictions shared same criminal intent); *State v. Phuong*, 174 Wn. App. 494, 548, 299 P.3d 37 (2013) (finding ineffective assistance where counsel did not argue that attempted rape and unlawful imprisonment offenses shared same criminal intent); *State v. Saunders*, 120 Wn. App. 800, 825, 86 P.3d 232 (2004) (finding ineffective assistance where counsel did not argue that rape and kidnapping convictions shared same criminal intent); *State v. Davis*, 90 Wn. App. 776, 782, 954 P.2d 325 (1998) (assault and burglary convictions shared same criminal intent).

In determining whether two or more crimes share the same criminal intent, courts consider how intimately related the crimes are, whether the nature of the criminal objective

---

[1] The crimes of second degree assault by strangulation and felony harassment have different statutory intents. The intent for second degree assault as charged is to assault by strangulation, and the intent for felony harassment is to knowingly threaten to kill. RCW 9A.36.021(1)(g); RCW 9A.46.020(1), (2).

4

substantially changed between the crimes, and whether one crime furthered the other. *Phuong*, 174 Wn. App. at 546-47 (citing *State v. Burns*, 114 Wn.2d 314, 318, 788 P.2d 531 (1990)). Crimes may involve the same criminal intent if they were part of a continuing, uninterrupted sequence of conduct. *Porter*, 133 Wn.2d at 186.

As Cadman and the deputy testified, Lonergan choked and threatened her simultaneously so that she would relinquish her cell phone. The trial court could conclude that Lonergan's criminal objective in committing these offenses was the same: to force Cadman to yield her phone. The trial court could also determine that choking Cadman both legitimized and furthered the threat, particularly when there was no temporal break between the assault and the harassment. This is not a case where one crime was completed before the other was committed or a case where the defendant had the opportunity to pause and reflect after completing one offense and to form a new intent before committing another. *See State v. Wilson*, 136 Wn. App. 596, 615, 150 P.3d 144 (2007) (where defendant had time to complete an assault and form a new intent to threaten the victim, the crimes of assault and felony harassment had different objective intents and were not the same criminal conduct); *State v. Grantham*, 84 Wn. App. 854, 859, 932 P.2d 657 (1997) (defendant had time after first rape to form intent to commit the second, so the two rapes counted separately).

Thus, given the facts of this case, there is a reasonable probability that had counsel argued same criminal conduct, the trial court could have found that the second degree assault and the felony harassment offenses encompassed the same criminal conduct. Furthermore, there was no legitimate reason for defense counsel not to have asked the court to find that Lonergan's second degree assault and felony harassment convictions were the same criminal conduct.

Consequently, we must find that defense counsel was deficient in failing to make the same criminal conduct argument at sentencing. *Saunders*, 120 Wn. App. at 825.

When two or more crimes constitute the same criminal conduct, the sentencing court must count them as one offense in computing the defendant's offender score. RCW 9.94A.589(1)(a). Here, counting each of Lonergan's current offenses separately resulted in an offender score of 10 for the assault, which included two points for the felony harassment because it was a domestic violence offense. RCW 9.94A.525(21)(a). With that offender score, the standard range was 63-84 months. RCW 9.94A.510, .515. Lonergan received a sentence of 75 months on the assault conviction. Had the current offenses counted as one under the same criminal conduct rule, Lonergan's offender score on the assault would have been 8, with a standard range of 53-70 months, and a standard sentence of 75 months would not have been permissible.[2] RCW 9.94A.510. Therefore, because Lonergan's sentence for assault likely would have differed had the trial court agreed with the same criminal conduct analysis, the prejudice prong of the ineffective assistance of counsel test is satisfied. *Beasley*, 126 Wn. App. at 686. Accordingly, a remand for resentencing is required.

B. ALIBI DEFENSE

Lonergan argues in his pro se SAG that his counsel was ineffective for failing to pursue an alibi defense stemming from his detention on other charges in Portland early on November 17, the date of the alleged altercation.

---

[2] For the felony harassment, Lonergan's standard range was 51-68 months with a score of 10 and 43-57 months with a score of 8. RCW 9.94A.510, .515. Consequently, his 51-month sentence for the harassment did not exceed the standard range corresponding to the lower score.

The record shows that the trial court granted Lonergan's pretrial motion to exclude any references to his unrelated traffic stop on November 17 as irrelevant. Lonergan argues now that his stop in the "early morning hours" of November 17 would have provided him with an alibi defense. SAG at 2. Cadman called 911 at 1:13 AM on November 17 to report the altercation. Thus, Lonergan's early morning traffic stop and arrest in Portland does not undermine Cadman's allegations. Moreover, Lonergan testified that he was in Cadman's home on the night in question. We see no deficient performance in defense counsel's failure to pursue an alibi defense and reject this claim of ineffective assistance of counsel.

We affirm Lonergan's convictions, but remand for resentencing where defense counsel can argue same criminal conduct.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Maxa J.