**FILED**
**OCTOBER 16, 2014**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32160-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN LEE BURNS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — John Lee Burns, having partially succeeded in appealing the

results of his 2010 criminal trial, now appeals the results of his resentencing. He

contends that the resentencing court, while lenient in applying the low end of the

applicable sentencing ranges and running several firearm enhancements concurrently,

erred by failing to exercise its discretion under the burglary antimerger statute to treat his

burglary and robbery convictions as encompassing the same criminal conduct.

It is more accurate to say that the sentencing court did not *explain on the record* its

consideration of same criminal conduct and the burglary antimerger statute. Mr. Burns

does not demonstrate that the trial court failed to exercise its discretion. And the State

correctly points out that Mr. Burns's crimes would not qualify as same criminal conduct

in any event. We affirm.

FACTS AND PROCEDURAL BACKGROUND

John Lee Burns was convicted following a 2010 trial of one count of first degree burglary, three counts of first degree kidnapping, and four counts of first degree robbery for his role in a December 2009 home invasion robbery. The jury found by special verdict that he had committed all of the offenses while armed with a firearm.

Three of the robbery counts against Mr. Burns and his codefendant, Jessup Tillmon, were reversed on appeal. *State v. Burns*, noted at 167 Wn. App. 1032, 2012 WL 1203822, at *1, *review denied*, 175 Wn.2d 1007 (2012). As explained in the parties' sentencing memoranda and the decision in the initial appeal, several men broke into a home at approximately 4:00 a.m. and forced the seven people present in the home to gather in the dining room while the robbers ransacked other parts of the home. Although the robbers stole property from many rooms in the home, only one victim was robbed before being forced into the dining room. Yet at trial, the to-convict robbery instruction identified only one means for committing first degree robbery: that the defendant or an accomplice unlawfully took personal property "*from the person of another.*'" *Id.* at *2. For three of the victims, the State's evidence established only that the robbers had unlawfully taken personal property "'in the presence'" of another. *Id.* at *3.

Under the law of the case doctrine, the State bore the burden of proving that Mr. Burns committed robbery by the means stated in the jury instruction. *Id.* Given insufficient evidence in light of the incomplete jury instructions, Division Two of our

2

court vacated the two defendants' convictions of three of the robbery counts along with the associated firearm enhancements. It remanded to the trial court with instructions to dismiss those counts and to resentence the two men on the one burglary, one robbery, and three kidnapping counts that remained.

Neither Mr. Burns nor Mr. Tillmon had any prior criminal history that counted toward their offender scores. The State conceded that Mr. Burns and Mr. Tillmon appeared to have been less culpable than the other individual or individuals involved in the crimes. The break-in was of short duration, no one was injured, and the crime appears to have been drug related, since the robbers stated they were looking for "weed" during the course of the robbery, and left the home with a half pound of marijuana. Report of Proceedings (Nov. 2, 2012) at 16.

In sentencing the two men in 2010, the trial court applied the low end of the standard range for each count. It also imposed an exceptional downward sentence on both men by running some of the firearm enhancements concurrently, although in this connection, it treated Mr. Tillmon, who had called 911 and turned himself in after the robbery, more favorably. It provided that all of Mr. Tillmon's 60-month firearm enhancements would run concurrently. Mr. Burns had been tracked by a K-9 unit after the robbery and arrested, and the court provided that three of his firearm enhancements—those associated with the kidnapping counts—would run consecutively.

3

The two defendants' resentencing took place in 2012 and was conducted by a different judge. At resentencing the State asked, for the counts that remained, that the sentencing court treat each defendant as the trial court had, thereby continuing to treat Mr. Burns more harshly. Mr. Burns's lawyer asked the trial court to treat both men equally, as did both individual defendants when invited to speak. The court was persuaded to treat Mr. Burns more like Mr. Tillmon, applying the low end of the sentencing range and this time running only two of the 60-month firearm enhancements consecutively.

At no point in the 25-page transcript of the resentencing hearing is there mention by any party or the sentencing court of the burglary antimerger statute or same criminal conduct. Mr. Burns timely appealed.

## ANALYSIS

The only assignment of error raised by Mr. Burns following the resentencing is that the sentencing court erred "when it calculated the defendant's offender score without first exercising its discretion in determining the application of the burglary anti-merger statute." Br. of Appellant at 1.

The three kidnappings were serious violent offenses involving different victims and would be served consecutively to each other and concurrently with the other sentences imposed for Mr. Burns's current offenses. RCW 9.94A.589(1)(b). The standard sentence range for Mr. Burns's most serious crime—in this case, one of the kidnapping offenses—was determined using Mr. Burns's prior convictions and other

4

current convictions that were not serious violent offenses in the offender score, while the sentence range for the other serious violent offenses were determined by using an offender score of zero. *Id.* Applying the low end of the standard range, Mr. Burns's aggregate term of confinement for the three kidnapping counts and two 60-month firearm enhancements exceeded the term of confinement for the sentences for current offenses that would run concurrently, and amounted to 294 months (72 + 51 + 51 + 60 + 60).

Mr. Burns focuses on appeal on the fact that the 72-month term imposed for the first kidnapping count was based on an offender score of four, which was in turn based on attributing two points each to his current burglary and robbery convictions. Yet if the resentencing court had treated the burglary and robbery as encompassing the same criminal conduct, he argues, the burglary and robbery would have been counted as one crime, his offender score would have been two, and the low end of the standard range would have been 62 months, reducing his total term of confinement by 10 months. Br. of Appellant at 9.

"'Same criminal conduct,' . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). Under Washington's Sentencing Reform Act of 1981, "[I]f the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime." *Id.* The same-criminal conduct test focuses on the extent to which a defendant's criminal intent,

5

as objectively viewed, changes from one crime to the next. *State v. Lessley*, 118 Wn.2d

773, 777, 827 P.2d 996 (1992). The defendant bears the burden of proving that his

offenses encompass the same criminal conduct. *State v. Williams*, 176 Wn. App. 138,

142, 307 P.3d 819 (2013), *review granted*, 180 Wn.2d 1001 (2014).[1]

> Yet the burglary antimerger statute provides:

> Every person who, in the commission of a burglary shall commit any other
> crime, may be punished therefor as well as for the burglary, and may be
> prosecuted for each crime separately.

RCW 9A.52.050. The statute gives a trial judge discretion to punish a burglary

separately, even where the burglary and another crime encompassed the same criminal

conduct. *State v. Knight*, 176 Wn. App. 936, 962, 309 P.3d 776 (2013) (citing *Lessley*,

118 Wn.2d at 781-82), *review denied*, 179 Wn.2d 1021 (2014).

Mr. Burns concedes that it was "well within the trial court's discretion under the

burglary anti-merger statute to treat the burglary as a separate offense," but "it was not

within the court's discretion to simply ignore the issue." Br. of Appellant at 9. He argues

that "by failing to address this issue, the trial court abused its discretion to either apply or

not apply the burglary anti-merger statute." *Id.* Mr. Burns cites *State v. Grayson*, 154

---

[1] The State makes a threshold argument that RAP 2.5(a) precludes appellate
review because Mr. Burns did not argue at resentencing that the court should exercise its
discretion under the burglary antimerger statute to treat the burglary and the robbery as
the same criminal conduct. Since we intend to address the challenge on the merits, we
will not analyze whether we could refuse to review it under RAP 2.5(a).

Wn.2d 333, 341-42, 111 P.3d 1183 (2005) for the well settled principle that a sentencing court abuses its discretion when it "categorically refuses" to exercise discretion; it is similarly well settled that a sentencing court's *failure to recognize* its discretion is appealable error. *See, e.g., In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007). But here, unlike in *Grayson* or *Mulholland*, there is nothing in the record to suggest that the resentencing court misunderstood its discretion or categorically refused to exercise it.

A sentencing court does not have an obligation to issue findings of fact or conclusions of law when sentencing under RCW 9.94A.589 or RCW 9A.52.050. *See State v. Kern*, 55 Wn. App. 803, 806, 780 P.2d 916 (1989). Because the court was not required to make findings, its silence on this possible sentencing issue is not appealable. And Mr. Burns fails to demonstrate any error or abuse of discretion.

While that suffices to resolve the appeal, the State also argues persuasively that "[w]hile the burglary and robbery appear to have had the same objective criminal intent and occurred at the same time and place, nevertheless they did not involve the same victims." Br. of Resp't at 5. The victims of a burglary include the occupants of a residence and their guests—in this case, a total of seven people. *State v. Davison*, 56 Wn. App. 554, 559-60, 784 P.2d 1268 (1990). Even the State's information charged Mr. Burns with robbery of only four people and, of course, three of his convictions for robbery were vacated and dismissed as a result of the initial appeal. Both *Davison* and

7

No. 32160-6-III
*State v. Burns*

*State v. Davis*, 90 Wn. App. 776, 954 P.2d 325 (1998) hold that a burglary of a home in which more than one person is present does not have the same victims for "same criminal conduct" purposes as an assault against one of the persons present in the course of the burglary. The same is true of a burglary having seven victims and a robbery during the course of the burglary having only one victim, or even four. The trial court could not have found that the burglary and the robbery were the same criminal conduct.[2]

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

---

[2] In a pro se statement of additional grounds for review (SAG), Mr. Burns contends that the trial court erred in not providing the jurors with a special verdict form requiring them to specify which robbery the jurors relied upon in finding him guilty of kidnapping "with the intent to facilitate commission of any felony or flight thereafter." SAG at 1. The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal. *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983); *State v. Jacobsen*, 78 Wn.2d 491, 493, 477 P.2d 1 (1970). Mr. Burns challenged the sufficiency of evidence to sustain his robbery convictions in his initial appeal and could have raised this related issue at that time as well. The convictions for kidnapping are final and his challenge will not be considered on appeal of his resentencing.

8