[No. 48013-8-I.   Division One.   September 16, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY D.
BROOKS, *Appellant*.

*Jeffrey D. Brooks*, pro se.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *David D. Martin, Deputy*, for respondent.

BAKER, J. — Jeffrey Brooks appeals his convictions on two counts of first degree burglary. Because his assaults on two individuals during the same incident did not constitute two distinct acts of burglary, we reverse one of his convictions.

## I

Jeffrey Brooks entered onto the patio of Christina Beckler's apartment and broke through the sliding glass door after she refused to let him in. He assaulted Beckler's guest, Christopher Meeks, pushing him onto the patio. He then stepped back inside the apartment, pushed Beckler to the floor, and held and shook her. Brooks was charged and convicted of two counts of first degree burglary. He was not charged with first degree burglary and second degree assault.[1] He appeals.

## II

Brooks argues that his two convictions of first degree burglary arising out of one incident violates his constitutional guarantee against double jeopardy. The Fifth Amendment of the United States Constitution and article I, section 9 of the Washington Constitution prohibit multiple punishments for the same offense.[2] When a defendant is

---

[1] *Cf. State v. Davison*, 56 Wn. App. 554, 555, 784 P.2d 1268 (1990).

[2] *In re Pers. Restraint of Sarausad*, 109 Wn. App. 824, 852, 39 P.3d 308 (2001) (six shots fired into crowd constituted separate acts for which defendant could be charged and convicted).

convicted more than once for violation of a single criminal statute, we review the statute in question to determine the criminal conduct or "unit of prosecution" the legislature intended to be a punishable act.[3] If a defendant has committed only one "unit of prosecution," he may be convicted only once.[4]

■■ Washington courts have not yet interpreted the burglary statute to determine the unit of prosecution in first degree burglary. Interpretation of a statute is a question of law that we review de novo.[5] Our first task is to determine if the statute is ambiguous. It is ambiguous if it is susceptible to two or more reasonable interpretations.[6] If a statute is not ambiguous, we derive its meaning from the wording of the statute itself.[7] Statutory construction is not necessary.[8] In this case, the statute is not ambiguous.

■ A person is guilty of first degree burglary if:

> [W]ith intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person.[9]

Thus, for each count of burglary, the defendant must have both:

(1) Unlawfully, and with intent to commit a crime against a person or property,

    (a) entered a building; or

    (b) remained in a building

  and

---

[3] *State v. Adel*, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998); *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 171, 12 P.3d 603 (2000).

[4] *Adel*, 136 Wn.2d at 634.

[5] *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996).

[6] *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999).

[7] *Tili*, 139 Wn.2d at 115.

[8] *Tili*, 139 Wn.2d at 115.

[9] RCW 9A.52.020(1).

(2) During the entry, exit, or while in the building,

(a) Been armed with a deadly weapon; or

(b) Assaulted any person; or

(c) Accompanied a participant armed with a deadly weapon; or

(d) Accompanied a participant who assaulted any person.

In this case, the State does not assert that Brooks committed two distinct acts of entering or remaining in the apartment.[10] Instead, it analogizes burglary to the crime of robbery, making the number of victims the dispositive issue. According to this view, if one breaks into a building and separately assaults 10 persons inside, 10 counts of first degree burglary have been committed. But the elements of robbery differ from burglary. In *State v. Rupe*,[11] the Washington Supreme Court held that the crime of robbery consists of (a) the taking of personal property and (b) the use or threat to use force on an individual.[12] Thus, in *Rupe*, the defendant twice satisfied both elements of the crime when he took money from each of two bank tellers during a bank robbery.[13] In this case, Brooks did assault two victims. But it is undisputed that he committed only one act of entering the building. His acts support one conviction of first degree burglary.

■ Brooks raises several issues in his pro se supplemental brief involving allegations of ineffective assistance of counsel, prosecutorial misconduct, and prejudicial evidentiary rulings. Because he cites neither to authority nor to

---

[10] The parties agree that Brooks continued to be in the bounded area of the residence when he fell onto the patio before returning inside the apartment.

[11] 101 Wn.2d 664, 683 P.2d 571 (1984).

[12] *Rupe*, 101 Wn.2d at 693. *See also State v. Larkin*, 70 Wn. App. 349, 351, 357, 853 P.2d 451 (1993) (convictions on two counts of robbery affirmed where the defendant forced his way into a residence and took property belonging to two separate individuals).

[13] *Rupe*, 101 Wn.2d at 693.

the record, and provides no analysis, we decline to consider them.[14]

Reversed in part and affirmed in part.

GROSSE and APPELWICK, JJ., concur.

Reconsideration denied November 5, 2002.

---

[14] RAP 10.3, 10.4; *State v. Berrysmith*, 87 Wn. App. 268, 279, 944 P.2d 397 (1997), *review denied*, 134 Wn.2d 1008 (1998) (appellate court need not reach pro se argument that is unsupported by authority); *State v. Marintorres*, 93 Wn. App. 442, 452, 969 P.2d 501 (1999) (conclusory pro se supplemental brief that identified no specific legal issues not considered).