IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36859-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JASON LEROY DAVIS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Jason Leroy Davis appeals his convictions for violation of a no-contact order, residential burglary, and first degree burglary. We vacate the residential burglary conviction for double jeopardy reasons but otherwise affirm.

## FACTS

Mr. Davis was charged with residential burglary and violation of a no-contact order based on a confrontation that occurred at the home of his estranged wife. For several months after arraignment, the parties engaged in discovery and plea negotiations. Those efforts were not fruitful. The State then successfully moved to amend the information to add a charge of first degree burglary and a second count of violation of a no-contact order.

The case proceeded to a jury trial and Mr. Davis was convicted as charged.

At sentencing, the State argued for a life sentence. It claimed Mr. Davis met the definition of a "persistent offender" under RCW 9.94A.030(38). According to the State, Mr. Davis's two prior violent felonies compelled imposition of a life sentence for Mr. Davis's current first degree burglary conviction.

Mr. Davis's trial counsel argued a life sentence was not permissible based on lack of notice. The trial court agreed "there should be some type of notice requirement," but it could not "find anything requiring" the formal notice Mr. Davis's counsel sought. Report of Proceedings (May 2, 2019) at 332. It determined "there was at least some notice given" through the State's certificate accompanying its motion to amend the information. *Id*. at 333. The court sentenced Mr. Davis to life imprisonment for his third "most serious offense," first degree burglary, and ran his three other sentences concurrent to this sentence. Clerk's Papers at 242, 245.

Mr. Davis timely appeals.

## ANALYSIS

*Ineffective assistance of counsel*

Mr. Davis contends his conviction should be reversed based on ineffective assistance of counsel. Specifically, he claims the current record shows his trial counsel performed deficiently by failing to investigate the possibility of a life sentence and not

2

advising Mr. Davis of this risk. We disagree.

The current record fails to support Mr. Davis's ineffective assistance claim. Numerous facts in the record suggest Mr. Davis's attorney was notified that the first degree burglary charge carried a mandatory life sentence. There is no evidence defense counsel failed to share this information with Mr. Davis. If Mr. Davis has proof that his attorney failed to understand the applicable penalty or to advise Mr. Davis accordingly, those issues are more appropriately raised in a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Relief on direct appeal is unwarranted.

*Double jeopardy*

Mr. Davis argues his convictions for both first degree burglary and residential burglary violate double jeopardy.[1] "'A double jeopardy claim may be raised for the first time on appeal'" under RAP 2.5(a)(3). *State v. Strine*, 176 Wn.2d 742, 751, 293 P.3d 1177 (2013) (quoting *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006)). We review the matter de novo. *State v. Hughes*, 166 Wn.2d 675, 681, 212 P.3d 558 (2009).

The State agrees that under *State v. Brooks*, 113 Wn. App. 397, 400, 53 P.3d 1048 (2002), a defendant cannot be convicted of multiple burglary counts based on one

---

[1] U.S. CONST. amend V; WASH. CONST. art. I, § 9.

3

instance of illegally entering or remaining in a building. We accept this concession. As charged here, the count of residential burglary was a lesser offense of first degree burglary. This is because both counts required proof of illegal entry into the same building, which here happened to be a residence. The first degree burglary charge differed only in that it also required proof of an assault. Multiple punishments in such circumstances are unwarranted. We therefore remand to the trial court to vacate the residential burglary conviction.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his statement of additional grounds for review (SAG), Mr. Davis argues: (1) ineffective assistance of appellate counsel, (2) ineffective assistance of trial counsel, (3) prosecutorial misconduct, (4) admission of his statements in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and (5) improper refusal to instruct the jury on self-defense. None of these claims merit relief under the current record.

*Ineffective assistance of appellate counsel*

Mr. Davis's criticisms of appellate counsel mostly turn on facts outside the record. As such, they must be resolved through a personal restraint petition, not a direct appeal. *McFarland*, 127 Wn.2d at 335. The only claim currently ripe for resolution is the

argument that counsel should have asked us to vacate Mr. Davis's first degree burglary conviction instead of the residential burglary conviction. This complaint fails on its merits. Appellate counsel correctly recognized that when one of two convictions must be vacated for double jeopardy reasons, we strike the lesser conviction. *Hughes*, 166 Wn.2d at 686 n.13.

*Ineffective assistance of trial counsel*

Mr. Davis brings ineffective assistance claims related to his trial counsel's failure to object to evidence, failure to timely request a self-defense jury instruction, and failure to request a lesser-included offense instruction for first degree burglary.[2] To establish relief, Mr. Davis must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). None of his contentions meets this standard on the current record.

Mr. Davis does not establish his trial attorney was ineffective in failing to object to inadmissible testimony or evidence. Mr. Davis does not show that the testifying officers would not have been able to lay an adequate foundation for their testimony regarding bruising had defense counsel objected. He therefore cannot establish prejudice. Nor does

---

[2] Mr. Davis also raises the double jeopardy challenge briefed by his appellate attorney as an ineffective assistance of counsel claim. Because this issue is already resolved, it need not be addressed further.

5

Mr. Davis establish his no-contact order was inadmissible. Mr. Davis's bald statement that he believed the order had been withdrawn is insufficient.

Additionally, the State was entitled to ask Mr. Davis about prior inconsistent statements made to law enforcement. ER 613(b). The fact that Mr. Davis could not remember making the inconsistent statements was not a basis for an objection. Contrary to Mr. Davis's assertions, the prosecutor was not attempting to compel Mr. Davis to call the police officers liars. *See State v. Suarez-Bravo*, 72 Wn. App. 359, 366, 864 P.2d 426 (1994).

The current record also fails to support Mr. Davis's claim that counsel was ineffective in failing to request a self-defense jury instruction. Defense counsel may have foregone a self-defense instruction because it would not have negated Mr. Davis's liability for residential burglary. An all or nothing strategy may have been a reasonable strategic decision. *See State v. Grier*, 171 Wn.2d 17, 43, 246 P.3d 1260 (2011). We cannot decide otherwise on the current record. If Mr. Davis has evidence that his attorney's actions were not based on legitimate strategy, those claims are more properly raised in a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

Finally, even assuming fourth degree assault is a lesser included offense, Mr. Davis also cannot show that his attorney was ineffective for failing to request a fourth

degree assault instruction. The crime of residential burglary is elevated to first degree

burglary when the defendant commits an assault. No particular degree of assault is

required. Given this circumstance, there was no advantage to asking the jury be instructed

on fourth degree assault. So long as the jury found an assault occurred, Mr. Davis's only

hope for relief would be acquittal on the burglary charges.

*Prosecutorial misconduct*

Mr. Davis has not shown that any of the alleged prosecutorial misconduct is "'so

flagrant and ill-intentioned'" that it would merit relief on direct appeal. *In re Pers.*

*Restraint of Lui*, 188 Wn.2d 525, 539, 397 P.3d 90 (2017) (quoting *In re Pers. Restraint*

*of Caldellis*, 187 Wn.2d 127, 143, 385 P.3d 135 (2016)). His arguments therefore fail.

<u>Miranda</u> *Violation*

Mr. Davis claims that his statements to law enforcement were taken in violation of

his *Miranda* rights. A CrR 3.5 hearing was held prior to the admission of Mr. Davis's

statements. After the hearing, the trial court determined Mr. Davis's statements were not

made in response to interrogation. Mr. Davis does not challenge the trial court's CrR 3.5

findings on appeal. He therefore lacks a factual basis to challenge evidence of his

statements.

7

No. 36859-9-III
*State v. Davis*

*Refusal to give self-defense jury instruction*

The trial court did not abuse its discretion in refusing to give a self-defense instruction in response to the jury's questions. Generally, "proposed instructions shall be submitted when the case is called for trial." CR 51(a). Here, the issue of a self-defense instruction did not come up until after the case had already been submitted to the jury. At that point, it was too late for the parties to argue the instruction or ask for related instructions, such as an instruction based on initial aggressor liability. The trial court therefore had ample reasons not to issue the instruction.

CONCLUSION

We remand with instructions to vacate Mr. Davis's conviction for residential burglary. The judgment is otherwise affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____          _____
Korsmo, J.                                Siddoway, J.

8